IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EMERGIS TECHNOLOGIES, INC., | ) | |
| f/k/a BCE EMERGIS TECHNOLOGIES, | ) | |
| INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-0201-CV-W-HFS |
| | ) | |
| KANSAS CITY POWER & LIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM TO COUNSEL**

The parties have reported a discovery dispute involving plaintiff's discovery request to inspect defendant's AccountLink computer system, which allows defendant's customers to view and pay their bills online. Plaintiff has alleged that AccountLink infringes its patent on a system for electronic invoice presentment and payment. Prior to filing its complaint, plaintiff hired a private investigator and was able to access a customer account and view the AccountLink system. Plaintiff now seeks access to the AccountLink system through formal discovery and wants one of defendant's representatives to be on hand to operate AccountLink and explain how it works. Plaintiff also seeks to depose a corporate representative about the use and operation of the AccountLink system.

The court has reviewed the parties' faxed submissions dated August 18, 2006. Defendant states that the only way to access the full functionality of AccountLink is through a valid customer account.[1] Defendant's written agreement with all customers states that it will "never share your

---

[1] Plaintiff contends that defendant could provide access through a test account, but defendant maintains that creating a test account is not feasible. Defendant has also indicated that it cannot provide access through an IT administrator or an internal account.

personal information[2] with third parties without your prior consent." Defendant asserts that because it has yet to find a consenting customer, providing access to plaintiff without such consent would result in a breach of defendant's confidentiality agreement with a customer.

After considering the issues, the court finds that plaintiff is entitled to inspect the AccountLink system and is also entitled to get an explanation of and assistance with the system from one of defendant's representatives during plaintiff's inspection. In other words, a representative should be on hand to operate the system and answer questions. The court will not, however, require defendant to provide plaintiff with access to a customer account (and the confidential information it contains) without customer consent.

One possible solution would be for plaintiff to access AccountLink through the same customer account it used to view the system in its pre-filing investigation; defendant's representative would be on hand during the inspection to operate the system as described above. This would provide plaintiff with the inspection and assistance it seeks, without putting defendant in the position of breaching a confidentiality agreement. Notably, plaintiff has not asserted that accessing AccountLink through that previously identified customer account would yield any less system information or functionality than accessing AccountLink through a customer account randomly selected by defendant.

The court also finds that plaintiff is entitled to depose a corporate representative of defendant about the AccountLink system. On a related note, plaintiff's notice of inspection and deposition had proposed that they occur simultaneously on August 21, 2006 in Chicago. Defendant objected to the simultaneousness, the date and the location. Plaintiff's attorney has represented to the court that the

---

[2]Of particular concern is sensitive customer bank account information.

inspection and deposition need not be simultaneous. Further, she is amenable to the inspection and deposition occurring in Kansas City on dates when defendant's attorneys are available. Therefore, the parties should work together to schedule the inspection and deposition on dates that work for both sides.

                                              /s/ Howard F. Sachs
                                              HOWARD F. SACHS
                                              UNITED STATES DISTRICT JUDGE

August 22, 2006

Kansas City, Missouri

3

Case 4:06-cv-00201-HFS   Document 18   Filed 08/22/06   Page 3 of 3